This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38772**

**STATE OF NEW MEXICO,**

　　　Plaintiff-Appellee,

v.

**MARK ANGELO CHAVEZ,**

　　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals his conviction for first degree kidnapping. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**{2}** **Issue 2:** Defendant continues to argue that the district court should have suppressed Victim's identification testimony because it was the product of an improper show-up identification. [MIO 2] *See generally Patterson v. LeMaster*, 2001-NMSC-013,

¶¶ 20-21, 130 NM 179, 21 P.3d 1032 (discussing show-up identifications). However, in this case the State did not rely on Victim to identify Defendant as a suspect; to the contrary, the State informed Victim of the perpetrator's identity based on a DNA test conducted eight years after the incident. *Cf. State v. Padilla*, 1996-NMCA-072, ¶ 16, 122 N.M. 92, 920 P.2d 1046 (stating that a show-up identification occurs when a witness is asked if they can identify a suspect that is already in custody of the police and still near the scene of the crime). Rather than a show-up identification, the State merely allowed Victim to see Defendant at one or two pretrial hearings. [RP 81] In any criminal process, the victim of a crime will inevitably become aware of the identity of the suspect if it was established independent of the victim. As such, we do not believe that the district court erred in denying Defendant's suppression motion.

**{3}** **Issues 1 and 3:** Defendant's memorandum in opposition does not present any new argument on these issues, and we therefore rely on our analysis as set forth in the calendar notice. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement.).

**{4}** Based on the foregoing, we affirm.

**{5}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**KRISTINA BOGARDUS, Judge**